**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2213-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLIFTON L. HOLLEY, a/k/a
ANTHONY L. HOLLEY, and
ANTHIONY L. HOLLEY,

    Defendant-Appellant.

_____

Submitted May 26, 2020 – Decided July 9, 2020

Before Judges Sumners and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 17-06-1217.

Neil Law, attorneys for appellant (Durann A. Neil, Jr., on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Mario Christopher Formica, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following denial of his motion to suppress evidence seized in a warrantless motor vehicle stop, defendant Clifton Holley pled guilty to third-degree possession of controlled dangerous substances with the intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(2); third-degree resisting arrest by force, N.J.S.A. 2C:29-2(a); fourth-degree throwing bodily fluids at a law enforcement officer, N.J.S.A. 2C:12-13; and second-degree offer of benefit to a public servant, N.J.S.A. 2C:27-11(a).[1] Defendant was sentenced to an aggregate prison term of eight years with parole ineligibility for three-and-a-half years.

In his appeal, defendant argues:

> POINT I
>
> THE WARRANTLESS MOTOR VEHICLE STOP VIOLATED [DEFENDANT]'S RIGHTS UNDER THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION.
>
> A. The Investigative Detention of [Defendant] Violated His Constitutional Rights Because There Was No Reasonable Suspicion of Criminal Activity.
>
> B. There Was No Probable Cause to Arrest [Defendant] . . . and Search His Motor Vehicle.

---

[1] He also pled guilty to other offenses under two unrelated indictments, which are not the subject of this appeal.

A-2213-18T1

POINT II

THE TRIAL COURT ERRED IN NOT SUPPRESSING ALL DERIVATIVE EVIDENCE OBTAINED BY THE STATE FOLLOWING UNLAWFUL DETAINMENT AS IT IS FRUIT OF THE POISONOUS TREE.

Based upon our standard of review, we affirm the suppression order.

I

At the motion to suppress hearing, the State presented the testimony of Egg Harbor Township Police Officers William Burns and Robert Sheppard regarding the roadside warrantless stop and search of defendant's person and vehicle on December 8, 2016, at approximately 11:28 p.m. In addition, the State presented the motor vehicle recording (MVR) from Burns' police car which filmed the stop of defendant's car and the officers' subsequent encounter with defendant.[2] Defendant neither testified nor presented any witnesses.

Burns, a five-year patrolman with the police department, was on routine patrol in a marked patrol car on Black Horse Pike when he observed defendant's car traveling with only one operable headlight, a violation of N.J.S.A. 39:3-66. Burns made a U-turn and activated his overhead lights and pulled over defendant's car to the side of the road. Burns stated upon approaching the car,

---

[2] The DVD was not part of the record provided to this court.

he saw defendant – the only person in the car – light a cigarette. At Burns' request, defendant turned over his driver's license, an insurance card, and a registration card.[3] He also noted seeing cigarillos, which are commonly used to smoke marijuana, inside the car.

Burns returned to his patrol car and radioed the police dispatcher to run a check on defendant's license. After stating defendant's name to the dispatcher, Burns received a call on his cell phone from Sheppard, telling him to "be careful" based on Sheppard's previous dealings with defendant. Burns also noticed the insurance card was temporary and had expired sixty days earlier.

When Burns returned to defendant's car, the audio of the MVR indicates he questioned defendant about the expired insurance card, then asked: "Does anyone smoke weed in this car?" Burns testified by that time he was able to smell marijuana because defendant was no longer smoking a cigarette. Burns also indicated he smelled a faint odor of alcohol coming from defendant's breath. Defendant denied marijuana had been smoked in the car. Burns then ordered defendant out of the car and requested back-up. After Sheppard and another officer arrived shortly thereafter, a search of Burn's person revealed $1206 in small denominations in his waistband. The search continued, resulting in the

---

[3] The car was owned by defendant's uncle.

recovery of "a little pouch" made of plastic hanging down defendant's torso from a string connected to his shirt button, containing cocaine, heroin, and prescription medication.[4]

On cross-examination, Burns acknowledged no marijuana was found in the car or on defendant, and he could not pinpoint if the marijuana odor was coming from defendant's person or inside the car. He also stated that he put his head fully and partially inside defendant's car during his questioning of defendant about unexpired insurance card.

Sheppard, a twelve-year veteran of the police department, confirmed his phone call to Burns after hearing Burns' radio dispatch regarding defendant. He testified he searched the interior of defendant's vehicle; finding no contraband but "detect[ing] a faint odor of marijuana lingering inside the vehicle."

After hearing counsel's arguments, the motion judge reserved her decision and allowed the submission of post-hearing briefs. Eight days later on April 26, 2018, the judge issued an order and rendered an oral decision denying defendant's motion.

---

[4] The pouch contained twenty-four grams of cocaine, twenty-six wax folds of heroin, seven Oxycodone pills of ten milligrams, and three Oxycodone pills of seven-and-a-half milligrams.

The judge determined the State proved by a preponderance of evidence the warrantless search and seizure conducted by Burns and Sheppard was constitutionally permissible. Her finding was based upon her assessment the officers gave credible testimony because it was consistent with their police reports and her viewing of the MVR during the hearing and later in chambers when she was contemplating her decision.

Pointing to State v. Bernokeits, where this court recognized "[a] motor vehicular violation, no matter how minor, justifies a stop without any reasonable suspicion that the motorist committed a crime or other unlawful act[,]" the judge found Burns had a right to stop defendant's car because of the headlight violation. 423 N.J. Super 365, 370 (App. Div. 2011) (citations omitted). The judge then determined Burns had the right under State v. Nishina, to search defendant and his car based on his credible testimony that he smelled marijuana from inside the car because "the smell of marijuana itself constitutes probable cause 'that a criminal offense ha[s] been committed and that additional contraband might be present.'" 175 N.J. 502, 515-16 (2003) (quoting State v. Vanderveer, 285 N.J. Super. 475, 479 (App. Div. 1995)).

The judge rejected defendant's contention that Burns made an illegal search of his car by putting his head inside the car which enabled him to

allegedly smell the marijuana odor. Based upon her review of the MVR, she determined there was no constitutional violation because Burns, who approached defendant's car from the passenger's side to avoid traffic, "put[] his head in and out of [the] car for the purpose of having a conversation with the defendant and asking . . . defendant to — and giving . . . defendant the opportunity, frankly, to produce [an unexpired insurance card] which he did not seem to have."[5] The judge commented further that at no time did she see Burns "put his head into the car entirely to conduct a search of the car."

II

Our review of the trial court's decision on a motion to suppress is limited. State v. Robinson, 200 N.J. 1, 15 (2009). "An appellate court reviewing a motion to suppress evidence in a criminal case must uphold the factual findings underlying the trial court's decision, provided that those findings are 'supported by sufficient credible evidence in the record.'" State v. Boone, 232 N.J. 417, 425-26 (2017) (quoting State v. Scriven, 226 N.J. 20, 40 (2016)). We do so "because those findings 'are substantially influenced by [an] opportunity to hear and see the witnesses and to have the "feel" of the case, which a reviewing court

---

[5] The judge's decision gave some attention to finding defendant's reliance on an unpublished decision was misplaced. Because unpublished decisions have no precedential value, Rule 1:36-3, we do not discuss the judge's reasoning.

A-2213-18T1

cannot enjoy.'" State v. Gamble, 218 N.J. 412, 424-25 (2014) (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). "The governing principle, then, is that '[a] trial court's findings should be disturbed only if they are so clearly mistaken that the interests of justice demand intervention and correction.'" Robinson, 200 N.J. at 15 (alteration in original) (quoting State v. Elders, 192 N.J. 224, 244 (2007)). "We owe no deference, however, to conclusions of law made by trial courts in deciding suppression motions, which we instead review de novo." State v. Brown, 456 N.J. Super. 352, 358-59 (App. Div. 2018) (citing State v. Watts, 223 N.J. 503, 516 (2015)).

Applying the de novo standard of review to the motion judge's legal conclusions, "[w]e review this appeal in accordance with familiar principles of constitutional law." State v. Robinson, 228 N.J. 529, 543 (2017). "Both the United States Constitution and the New Jersey Constitution guarantee an individual's right to be secure against unreasonable searches or seizures." State v. Minitee, 210 N.J. 307, 318 (2012) (citing U.S. Const. amend. IV; N.J. Const. art. I, ¶ 7). Thus, searches and seizures conducted without a warrant "are presumptively invalid as contrary to the United States and the New Jersey Constitutions." State v. Pineiro, 181 N.J. 13, 19 (2004) (citing State v. Patino, 83 N.J. 1, 7 (1980)). As such, "the State must demonstrate by a preponderance

of the evidence[,]" id. at 20 (quoting State v. Wilson, 178 N.J. 7, 13 (2003)), that "[the search] falls within one of the few well-delineated exceptions to the warrant requirement[,]" id. at 19-20 (alteration in original) (quoting State v. Maryland, 167 N.J. 471, 482 (2001)). "Thus, we evaluate the evidence presented at the suppression hearing in light of the trial court's findings of fact to determine whether the State met its burden." Id. at 20.

The exception invoked in this case to justify the warrantless search is the automobile exception to the warrant requirement. Pursuant to State v. Witt, 223 N.J. 409 (2015), officers may now conduct a warrantless, nonconsensual search during a lawful roadside stop "in situations where: (1) the police have probable cause to believe the vehicle contains evidence of a criminal offense; and (2) the circumstances giving rise to probable cause are unforeseeable and spontaneous." State v. Rodriguez, 459 N.J. Super. 13, 22 (App. Div. 2019) (citing Witt, 223 N.J. at 447-48). "New Jersey courts have [long] recognized that the smell of marijuana itself constitutes probable cause that a criminal offense ha[s] been committed and that additional contraband might be present." State v. Walker, 213 N.J. 281, 290 (2013) (internal quotation marks omitted) (quoting Nishina, 175 N.J. at 515-16 (2003)). Thus, in the context of a warrantless automobile search, the "smell of marijuana emanating from the automobile [gives] the

officer probable cause to believe that it contain[s] contraband." State v. Pena-Flores, 198 N.J. 6, 30 (2009) (citation omitted).

However, "[a] police officer must not only have probable cause to believe that the vehicle is carrying contraband but the search must be reasonable in scope." Patino, 83 N.J. at 10. In that regard, "[i]t is widely recognized that a search, although validly initiated, may become unreasonable because of its intolerable intensity and scope." Id. at 10-11 (citing Terry v. Ohio, 392 U.S. 1, 19 (1968)). Thus, "the scope of the search must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible." Terry, 392 U.S. at 19 (quoting Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 310 (1967) (Fortas, J., concurring)).

Defendant maintains there was no reasonable suspicion of criminal activity to warrant the search of his person and car. He specifically asserts "Burns' suspicion of criminal activity [was] entirely absent of objective facts of criminal behavior to justify the warrantless detention of [him]." Defendant contends Burns' observation of "the pack of . . . cigars that he associates with 'somebody that's smoking marijuana," caused him to have a "hunch" defendant had smoked marijuana. Defendant contends "Burns attempts to justify his detection of the odor of marijuana upon his second interaction with [defendant]

because [defendant] was no longer smoking a cigarette." He contends "Burns' . . . smell of marijuana can []only be considered a subjective hunch because there was no observation indicative of the same[,]" since "[t]here was no marijuana."

The motion judge found that based upon the officers' credible testimony and their reports, and the MVR, there was probable cause to search defendant and the interior of his car under the "plain smell" doctrine following an unchallenged motor vehicle stop due to an inoperable headlight. Defendant has not persuaded us to adopt his interpretation of the facts and dismiss the judge's findings. Under our deferential standard of review, we are satisfied the judge's factual findings are based upon credible evidence in the record and we will not disturb them. We further conclude the judge properly applied those facts to the law governing warrantless searches following the probable cause stop of defendant for a motor vehicle violation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2213-18T1